# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| AMANDA JANE COFFEY, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | No. CIV 17-077-RAW-KEW |
| ROB FRAZIER,<br>Muskogee County Sheriff,[1] | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner, a prisoner in the Muskogee County Jail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1). Although her petition is unclear, she appears to be challenging the execution of at least one of her sentences imposed by the Muskogee County District Court. She claims she was "sentenced over & over for the same thing" (Dkt. 1 at 5), and she has a detainer lodged against her (Dkt. 1 at 14). Petitioner further asserts she still is in jail on a hold for another woman from Arkansas who also is named Amanda Coffey (Dkt. 1 at 5). These claims are proper for a habeas corpus petition, but Petitioner must clarify her allegations in a proper amended petition.

Petitioner, therefore, is directed to file within twenty (20) days an amended petition for a

---

[1] Because Petitioner is incarcerated in the Muskogee County Jail, the Muskogee County Sheriff is her custodian. *See Lopez v. LeMaster*, 172 F.3d 756, 763 (10th Cir. 1999) (citing Okla. Stat. tit. 19, § 513; tit. 57, § 47) ("Under Oklahoma law, a county sheriff is in charge of the jail and the prisoners therein."). *See also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973). Therefore, Rob Frazier, Muskogee County Sheriff, is substituted as the respondent in this case, and the case name is hereby changed to Amanda Jane Coffey, Petitioner v. Rob Frazier, Muskogee County Sheriff, Respondent. The Court Clerk is directed to note this substitution on the record.

1

writ of habeas corpus pursuant to 28 U.S.C. § 2241. She must clearly state the case number of each criminal case that is at issue, and she must set forth why she believes her sentence is not being properly executed. The Court Clerk is directed to send Petitioner the Court's form and instructions for filing a proper habeas petition pursuant to 28 U.S.C. § 2241.

To the extent Petitioner seeks compensatory damages for her alleged unconstitutional incarceration, she first must prove her "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). If Petitioner is granted such relief, a separate civil rights action pursuant to 42 U.S.C. § 1983 would be required to seek monetary damages. *See id*. at 489-90 ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.").

Petitioner also raises allegations concerning the conditions of her confinement in the jail. She complains that the jail is overcrowded and unsanitary. Inmates allegedly sleep on the floor and are denied mats, blankets, towels, hygiene items, and clean jumpsuits for days at a time. In addition, there allegedly are safety issues with hazards such as malfunctioning doors, and inmates regularly are deprived of water for 12-18 hours. (Dkt. 1 at 13, 16).

These claims regarding the conditions of confinement in the jail are not proper for a habeas corpus action and must be presented in a separate civil rights complaint, pursuant to 42 U.S.C. § 1983. If Petitioner files a proper civil rights complaint, she also must complete and file with the complaint a new motion for leave to proceed *in forma pauperis* on the Court's form, or pay the

$350.00 filing fee and $50.00 administrative fee. Furthermore, if Petitioner files a § 1983 complaint, she may present only claims that are personal to her, and she may not present the claims of others. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Forms for filing a civil rights complaint pursuant to 42 U.S.C. § 1983 are available from the Court Clerk.

**ACCORDINGLY,** Petitioner is directed to file an amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on the Court's form within twenty (20) days. The amended petition must include only claims that are proper for a habeas corpus petition, as discussed above. The Court Clerk is directed to send Petitioner the Court's form and instructions for filing a proper § 2241 habeas petition in this case. Failure to submit a proper amended habeas corpus petition as directed will result in dismissal of this action.

**IT IS SO ORDERED** this 11th day of April 2017.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma